UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DEVONTE M. DAVIS                                          PLAINTIFF

v.                                    CIVIL ACTION NO. 4:22-CV-P23-JHM

BO THORPE *et al.*                                       DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Devonte M. Davis filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff is a pretrial detainee at the Grayson County Detention Center (GCDC).  He sues GCDC Chief Deputy Bo Thorpe, Captain Jennifer Johnson, and Property Manager Kevin Logsdon in both their official and individual capacities.

Plaintiff states that on July 22, 2021, several GCDC officials, including Defendant Johnson, searched his cell.  He states that he had "prisoner civil rights complaint forms with all legal documents laying on [his] bed."  He states that one of the officers told him, "Your little lawsuit will never make it out the front door."  Plaintiff states that he believes several GCDC staff members "conspired to trash or destroy his legal documents."

Plaintiff specifically alleges that Defendant Johnson moved him from his regular cell to administrative segregation on July 27, 2021.  He alleges that when he picked up his legal documents and mattress to take with him, Defendant Johnson told him that she "would handle it."  Plaintiff alleges that he asked another deputy where his property was later that day and was told

that Defendant Johnson was "going through all of his property."  Plaintiff states he was eventually given his clothing and food but not his legal documents.  Plaintiff states that he "then sent out a resident requisition form to Defendant Johnson stating, 'could she please bring me the rest of my property?'"  Plaintiff states that when Defendant Johnson was moving him to a different cell on August 2, 2021, he asked her for his legal documents.  Plaintiff asserts that she told him she would bring them to him before she left that day but that she did not.

Plaintiff states that he received a response to his requisition form on August 11, 2021, from Defendant Logsdon.  The response stated, "Due to the nature of contraband, your legal work may only be viewed by appt. via law library, or an attorney visit.  After these times it will be stored securely or you may sign the waiver to have it copied in your presence and you have 30 days to have the originals picked up or mailed out.  Let me know about the legal mail[]" (DN 1-3).

Plaintiff then states that "after putting in for the law library for several weeks to view legal documents, he was denied all scheduled appointments."  He writes that he was finally allowed to go to the law library on September 22, 2021.  However, when he arrived there, he was told that his legal documents could not be found, but that Defendant Logsdon would search the property room for them.  Plaintiff then filed a grievance regarding his legal documents.  He received a response to his grievance from Defendant Johnson which stated, "Everything that was in isolation came to you from isolation to admin. seg.  Nothing was taken from you."  Plaintiff then filed another grievance.  In response to this grievance, Defendant Thorpe wrote:

> Everything you had in isolation was given to you when your moved to ad. Seg.  Just to be certain we checked property, the law library, and the evidence locker to make sure nothing was accidentally taken to be copied.  You have everything you were moved with.  There was contraband removed from your cell, including an altered ink pen that was apparently being used as a pipe and some shredded pieces of paper.  Those items were gathered and handled as evidence and you will not be getting those back.

(DN 1-5).

Plaintiff alleges that Defendants took the above-described action to prevent him from filing a § 1983 action against GCDC officials. Plaintiff additionally states that his inability to access his legal documents may result in him "continuing [his] upcoming trial and being incarcerated longer, [] signing a plea bargain or going to trial and losing, [and] receiv[ing] the maximum penalty."

Plaintiff alleges that the lost or destroyed legal materials included "motions, case logs, scheduled court dates, grievances, resident requisition forms, numbers, addresses, letters, probable cause affidavit, criminal history and prisoner civil rights complaint [] § 1983 forms all from October 1, 2019 to July 27, 2021."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims are actually against Grayson County.

When a § 1983 claim is made against a municipality such as Grayson County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional

4

violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.

In the complaint, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Grayson County.  Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

## B.  Individual-Capacity Claims

### 1.  Due-Process Claims

The Court next turns Plaintiff's claim that Defendants violated his due process rights by depriving him of his legal property.   The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  To state a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt v. Taylor*, 451 U.S. at 543-44.  The law of this circuit is in accord.  The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).  The Sixth Circuit has found that Kentucky's statutory remedy for such losses  is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  In *Wagner*, the Sixth Circuit specifically held that Kentucky's statutory remedies

were adequate because individuals may seek the return of seized property by either filing a common law action for conversion or by application to the state judge before whom criminal charges were filed. *Id*. For these reasons, the Court concludes that Plaintiff fails to state a Fourteenth Amendment due process claim upon which relief may be granted. *See also Jackson v. Davids*, No. 1:21-cv-1060, 2022 U.S. Dist. LEXIS 31828, at *9-10 (W.D. Mich. Feb. 23, 2022) (holding no due process violation for deprivation of access to legal property because such a claim was barred by *Parratt*).

### 2. Remaining Claims

Upon consideration, the Court will allow First Amendment retaliation claims as well as claims for denial of access to the courts to proceed against Defendants Thorpe, Johnson, and Logsdon in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims and due process claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date:   April 14, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Grayson County Attorney
4414.011